

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

PHILLIP TROY BROADUS, §
 §
    Plaintiff, §
 §
VS. § NO. 4:07-CV-134-A
 §
OFFICER FLORES, ET AL., §
 §
    Defendants. §

## MEMORANDUM OPINION
### and
### ORDER

On March 6, 2008, defendants, Officer Flores ("Flores") and the City of Grand Prairie,[1] filed a motion for summary judgment in the above-captioned action. As of the signing of this order, plaintiff, Phillip Troy Broadus, had not filed a response to the motion for summary judgment. Having considered defendants' motion, the summary judgment evidence, and applicable authorities, the court concludes that defendants' motion for summary judgment should be granted.

I.

### Plaintiff's Claims

Plaintiff alleges that his "Eighth and Fourth Amendment rights [were] violated because of excessive force." Compl. at 4. Plaintiff contends that Flores used excessive force by applying

---

[1] In his complaint, plaintiff names the Grand Prairie Police Department as a defendant. Under Texas law, a police department is not a juridical entity capable of being sued. Darby v. Pasadena Police Dep't, 939 F.2d 311, 313 (5th Cir. 1991). The City of Grand Prairie is the proper defendant.

handcuffs too tightly when he was arresting plaintiff.[2]

II.

## The Motion for Summary Judgment

Defendants maintain that Flores is entitled to qualified immunity and that the City of Grand Prairie is entitled to judgment as a matter of law because plaintiff can establish neither that a constitutional violation occurred nor that the City of Grand Prairie followed any policy, practice, or custom that led to a constitutional violation.[3]

III.

## Facts

The following facts are established without dispute in the summary judgment record:

On the morning of August 26, 2006, Flores was on patrol, driving down Dalworth Street, when he encountered a vehicle traveling the opposite direction. Plaintiff was driving the vehicle, with a female passenger in the front seat. Plaintiff and Flores previously knew each other, and Flores recognized plaintiff. When plaintiff saw Flores, he pulled his vehicle into a convenience store parking lot without using a turn signal

---

[2] "The State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law." Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979) (quoting Ingraham v. Wright, 430 U.S. 651, 671-672 n.40 (1977)). The only actions of which plaintiff complains occurred in connection with his arrest. Therefore, defendants are entitled to judgment as a matter of law on plaintiff's Eighth Amendment claims.

[3] Defendants assert that they are entitled to summary judgment on other bases, which the court need not address because defendants are entitled to judgment as a matter of law as discussed herein.

indicator. As Flores pulled in behind him, he noticed that the female passenger was not wearing her shoulder strap seatbelt. Flores also saw an object being thrown out of the open passenger window, which he discovered to be a metal crack pipe. As Flores walked around to the passenger side of the vehicle, he saw plaintiff throw what appeared to be small plastic bags out of the open driver side window. When backup arrived, Flores retrieved the crack pipe and plastic bags. One of the bags contained an off-white colored solid rock, which later tested positive for crack cocaine. The other bag contained some green and white residue.

Flores placed handcuffs on plaintiff and placed him under arrest. Plaintiff told Flores that the handcuffs were too tight. In the squad car en route to the jail, plaintiff told Flores that his hands were becoming numb. Once they arrived at the jail, detention officers removed the handcuffs from plaintiff's wrists. Plaintiff's hands have remained numb since the handcuffs were removed. Plaintiff saw a doctor in December of 2006. The doctor believed that the problems with plaintiff's hand may have been attributable to HIV or AIDS, but tests therefore came back negative. In January of 2007, plaintiff saw a neurologist at John Peter Smith Hospital. Plaintiff was diagnosed with nerve and muscle tissue damage and told that he would need an operation on both of his elbows.

IV.

## Applicable Summary Judgment Principles

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. Anderson, 477 U.S. at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the nonmoving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986). Once the moving party has carried its burden under Rule 56(c), the party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. Anderson, 477 U.S. at 256. To meet this burden, the nonmovant must "identify specific evidence in the record[] and [] articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action. Anderson, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. Simmons v. Lyons, 746 F.2d 265, 269 (5th Cir. 1984).

4

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law. Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 597 (1986). See also Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc) (explaining the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict).

V.

Analysis

A. Qualified Immunity.

In their performance of discretionary functions, government officials are generally granted a qualified immunity. Wilson v. Layne, 526 U.S. 603, 609 (1999). The qualified immunity shields officials from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). A state official exercising discretionary authority will be shielded from personal liability "unless at the time and under the circumstances of the challenged conduct all reasonable officials would have realized that it was proscribed by the federal law on which the suit is founded." Pierce v. Smith, 117 F.3d 866, 871

5

(5th Cir. 1997). "Qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" Id. (quoting Hunter v. Bryant, 502 U.S. 224, 229 (1991)).

The court conducts a bifurcated qualified immunity analysis. Collins v. Ainsworth, 382 F.3d 529, 537 (5th Cir. 2004) (citing Bazan ex rel. Bazan v. Hidalgo County, 246 F.3d 481, 490 (5th Cir. 2001)). First, the court must determine if the claimant has alleged that the official violated the claimant's clearly established constitutional or statutory rights. Michalik v. Hermann, 422 F.3d 252, 257 (5th Cir. 2005). See also Collins, 382 F.3d at 537. If the claimant has alleged such a violation, the court must then consider "whether the official's conduct was objectively reasonable under the law at the time of the incident." Michalik, 422 F.3d at 258. See also Harlow, 457 U.S. at 819; Collins, 382 F.3d at 537. When a defendant in a § 1983 action pleads qualified immunity and shows that he or she is a government official whose position involves the exercise of discretion, "the plaintiff then has the burden 'to rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law.'" Pierce, 117 F.3d at 871-72 (quoting Salas v. Carpenter, 980 F.2d 299, 306 (5th Cir. 1992)).

Flores has pleaded qualified immunity and established without dispute that he is a government official whose position involves the exercise of discretion. Insofar as plaintiff has failed to respond to defendants' motion for summary judgment, he

6

has adduced nothing as would rebut Flores's qualified immunity. See Pierce, 117 F.3d at 871-72. Furthermore, the record before the court establishes as a matter of law that Flores is entitled to qualified immunity under both prongs of the qualified immunity analysis. To state a § 1983 claim based on the Fourth Amendment's prohibition on excessive force, "the plaintiff must allege: (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need, and (3) the use of force that was objectively unreasonable." Bush v. Strain, 513 F.3d 492, 500-01 (5th Cir. 2008).

Plaintiff alleges that all Flores did was place the handcuffs on him more tightly than was comfortable. Though plaintiff, in his affidavit, states that his hands have been numb ever since and that he will require surgery, the court has some questions as to whether or not such problems resulted directly and only from Flores placing the handcuffs on plaintiff. In any event, plaintiff has failed to allege that Flores used force that was excessive to the need or that Flores's use of force was objectively unreasonable. Indeed, the record establishes as a matter of law that Flores's use of force was not excessive to the need and that it was objectively reasonable.

B. Municipal Liability.

A government will be held responsible in a § 1983 action when execution of the government's policy or custom inflicts the injury at issue. Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 694 (1978). To establish municipal liability, a

plaintiff must prove that there is: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose moving force is the policy or custom. <u>Rivera v. Houston Indep. Sch. Dist.</u>, 349 F.3d 244, 247 (5th Cir. 2003). As discussed above, the record establishes as a matter of law that there has been no violation of a constitutional right in this action. Further, plaintiff has failed to allege that the City of Grand Prairie follows any violative official policy or custom.

VI.

Order

For the reasons discussed above, the court concludes that the motion for summary judgment filed by defendants should be granted.

The court ORDERS that all claims and causes of action asserted by plaintiff against defendants in the above-captioned action be, and are hereby, dismissed with prejudice.

SIGNED April 2, 2008.

_____
JOHN McBRYDE
United States District Judge